United States District Court
Northern District of California

1
2
3
4                              **UNITED STATES DISTRICT COURT**
5                              **NORTHERN DISTRICT OF CALIFORNIA**
6
7
8
9    **SUSAN AGUIAR and ROBERTO AGUIAR,**          **Case No.: 12-CV-03653 YGR**
10                 **Plaintiffs,**                  **ORDER GRANTING MOTION OF DEFENDANTS
                                                    WELLS FARGO BANK, N.A. AND REGIONAL
11            **vs.**                               SERVICE CORPORATION TO DISMISS WITH
                                                    LEAVE TO AMEND**
12   **WELLS FARGO BANK, N.A. and REGIONAL
     SERVICE CORPORATION,**
13
                 **Defendants.**
14

15          Plaintiffs Susan and Roberto Aguiar filed a Verified Complaint for Equitable Relief to Set

16   Aside Trustee Sale and Damages against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and

17   Regional Service Corporation ("Regional Service") (collectively "Defendants").  Plaintiffs allege

18   three claims: (1) Wrongful Trustee Sale against both Defendants; (2) Quiet Title against Wells

19   Fargo; and (3) violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

20   §§ 1692 *et seq.* against both Defendants.  Fundamentally, they allege that Wells Fargo violated the

21   National Housing Act ("NHA"), 12 U.S.C. §§ 1701 *et seq.* because it did not meet with Plaintiffs

22   in-person to discuss alternatives to foreclosure or secure the approval of the Secretary of the

23   Department of Housing and Urban Development prior to initiating foreclosure proceedings.

24   Plaintiffs claim further that both Defendants violated the FDCPA because Regional Service failed

25   to provide Plaintiffs with a Debt Validation Notice.

26          Wells Fargo has filed a Motion to Dismiss all three claims alleged in the Complaint on the

27   grounds that judicially noticeable documents demonstrate that Wells Fargo had the right to conduct

28   a non-judicial foreclosure and complied with the statutory requirements for non-judicial

foreclosures; the NHA does not apply to Plaintiffs' mortgage or create a private right of action; and Wells Fargo is exempt from the FDCPA.  (*See* Dkt. No. 7.)  Defendant Regional Services Corporation filed a joinder of Wells Fargo's motion.  (*See* Dkt. No. 16.)

Having carefully considered the papers submitted and the pleadings in this action, for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss **WITH LEAVE TO AMEND**.[1]

# I.   BACKGROUND

In December 2010, Plaintiff Roberto Aguiar, who is Plaintiffs' sole source of income, was seriously injured at work.  (Complaint ¶ 9.)  He had back surgery in September 2011 but was unable to return to work until March 2012.  (*Id.*)  His claim for worker's compensation insurance was approved, but has not yet received money for the claim.  (*Id.*)  While Mr. Aguiar was unable to work, a notice of default and a notice of trustee's sale were filed, and three weeks before Mr. Aguiar returned to work, Defendants sold Plaintiffs' home in a trustee's sale.  (*Id.*)

## A.   NONJUDICIAL FORECLOSURE PROCEEDINGS

On March 30, 2006, Plaintiffs executed an Adjustable Rate Note ("Note") in the amount of $840,000, secured by a Deed of Trust against real property located at 50 Ranch Drive, Novato, California (the "Property"), in favor of Wells Fargo's predecessor in interest, World Savings Bank, FSB.  (*Id.* ¶¶ 1, 3, 5.)

Plaintiffs defaulted on their loan payment in November 2010.  (*Id.* ¶ 8.)  On March 7, 2011, Regional Services filed a notice of default, which was recorded with the Marin County Recorder's Office.  (RJN, Ex. F).  A notice of trustee's sale was subsequently recorded on June 8, 2011. (RJN, Ex. G).

In June 2011, in order to save their home, Plaintiffs filed a Chapter 13 Bankruptcy Petition, Case No. 11-12441-AJ.  (Pls.' Opp'n 7.)  As part of a settlement in the bankruptcy case, Plaintiffs agreed to pay any prepetition amounts owing[2] over a period of several years, and pay $500 each

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

[2] According to the March 2011 Notice of Default, the amount owing was $20,629.36 as of March 4, 2011. (*See* RJN, Ex. F.)

1   month.  (*Id.*)  Plaintiffs were able to make the July 2011 payment in an amount of $3904.00 but

2   could not make further payments.

3         In November 2011, Wells Fargo successfully moved to have the automatic stay lifted,

4   which was lifted in January 2012.  (Pls' RJN, Ex. B.)  On February 21, 2012, a Trustee's Sale was

5   held at which Wells Fargo purchased the Property as the highest bidder.  (RJN, Ex. H at 2.)  "Wells

6   Fargo filed an unlawful detainer complaint against plaintiffs and took a default, default judgment,

7   and obtained a writ of possession pursuant to the Judgment."  (Complaint ¶ 9.)  Plaintiffs moved to

8   vacate the default on the basis that they were never served but their motion was denied.  (*Id.*)  A

9   stay of eviction was scheduled to end on June 18, 2012.  (*Id.*)

10       **B.**   **PROCEDURAL BACKGROUND**

11         On June 18, 2012, Plaintiffs filed this action in the Superior Court for the County of Marin.

12   Plaintiffs moved for a temporary restraining order to enjoin Defendants from evicting Plaintiffs

13   from the Property.  (*See* Notice of Removal, Ex. B.)  A temporary restraining order was issued

14   enjoining Defendants from evicting Plaintiffs.  (*Id.*)  A hearing on a preliminary injunction was

15   scheduled in Superior Court for July 18, 2012.  (*Id.*)  On July 12, 2012, Defendants removed the

16   action to this Court.  It appears that subsequent to removal, Defendants evicted Plaintiffs from the

17   Property.

18   **II.**    **LEGAL STANDARD**

19         A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

20   the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  All allegations of

21   material fact are taken as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, legally

22   conclusory statements, not supported by facts, need not be accepted.  *See Ashcroft v. Iqbal*, 556

23   U.S. 662, 678 (2009).  Plaintiffs' obligation to provide the grounds of their entitlement to relief

24   "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

25   action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and

26   quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to

27   relief above the speculative level."  *Id.*

28

Review is generally limited to the contents of the complaint and documents attached thereto. *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). Additionally, the Court may consider matter that is properly the subject of judicial notice, such as court filings and other public records, without converting a motion to dismiss into one for summary judgment. *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court finds that the documents submitted by Wells Fargo and Plaintiffs are properly the subject of judicial notice. Fed. R. Evid. 201(b)(2). All of the documents are documents issued by a legislative or executive department of the United States, public records pertaining to the Property, or court filings. The Court will take judicial notice of the dates, parties, and legally operative language of these documents, but not the truth of various factual representations made in the documents.[3] *See Lee*, *supra*, 250 F.3d at 690.

## III.   DISCUSSION

Plaintiffs' first cause of action alleges Wrongful Trustee's Sale on the grounds that the trustee's sale was improperly held because Defendants failed to comply with the (a) National Housing Act and (b) Fair Debt Collection Practices Act before initiating foreclosure proceedings. Based on these same allegations, the second cause of action seeks to quiet title in the Property against Wells Fargo. The third cause of action realleges a violation of the FDCPA. Because the alleged violations of the FDCPA is also used to support the claim for Wrongful Trustee's Sale, the Court will address the FDCPA claim as an element of the Wrongful Trustee's Sale claim.

### A.    First Cause of Action: Wrongful Trustee's Sale

A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly. *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 444 (Cal. Ct. App. 2003) ("Our analysis proceeds on the presumption of validity accorded the foreclosure sale"). To state a cause of action for a wrongful trustee's sale, the Plaintiffs must plead "(1) the trustee or mortgagee caused an illegal,

---

[3] For example, a Declaration filed with the Notice of Default (RJN, Ex. F, at 3) declares under penalty of perjury that "Wells Fargo Bank, N.A., has tried with due diligence … to contact the borrower." The Court can take judicial notice of the fact that this statement was made and the legally operative effect of a declaration under penalty of perjury, but not the truth of the matter asserted in the hearsay declaration. The Court uses this example because Wells Fargo argues that the Court can take judicial notice of the truth of the statements contained in the declaration because the declaration was made under penalty of perjury.

fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (Cal. Ct. App. 2011).

       1.      *First Element:  Illegal, fraudulent, or willfully oppressive sale of real property.*

Plaintiffs allege that Defendants failed to comply with the (a) NHA; and (b) FDCPA before beginning foreclosure proceedings and therefore, contend the Trustee's Sale was improperly held.

       a)      <u>National Housing Act.</u>

Defendants allegedly violated the NHA because, prior to initiating foreclosure proceedings, a bank representative failed to "meet with plaintiffs on a face to face basis to discuss alternatives to foreclosure and [a] modification of the subject loan."  (Complaint ¶ 7.) Additionally, Plaintiffs allege that "Wells Fargo was required to secure the approval of the Secretary of Housing and Urban Development prior to commencing any foreclosure proceedings." (*Id.*)

Wells Fargo argues that the NHA does not apply to Plaintiffs' mortgage and even if it did, the NHA does not provide for a private right of action.  The Court agrees.  *See Kariguddaiah v. Wells Fargo Bank, N.A.*, C-09-5716 MHP, 2010 WL 2650492, at *5 (N.D. Cal. July 1, 2010) ("the National Housing Act does not create a private right of action").  To support this claim, Plaintiffs cite to the short title to the NHA, 12 U.S.C. § 1701, and a subpart of its implementing regulations, 24 C.F.R. § 203.500.[4]  However, as the plain language of the NHA shows it does not impose the

---

[4] The referenced subpart provides:
    This subpart identifies servicing practices of lending institutions that HUD considers acceptable for mortgages insured by HUD. Failure to comply with this subpart shall not be a basis for denial of insurance benefits, but failure to comply will be cause for imposition of a civil money penalty, including a penalty under § 30.35(c)(2), or withdrawal of HUD's approval of a mortgagee.  It is the intent of the Department that no mortgagee shall commence foreclosure or acquire title to a property until the requirements of this subpart have been followed.

United States District Court
Northern District of California

duties allegedly breached vis-à-vis a mortagee and mortgagor, rather it "'govern[s] relations between the mortgagee and the government.'"  *Jara v. Aurora Loan Services LLC*, C-11-00419 LB, 2011 WL 4536898, at \*4 (N.D. Cal. Sep. 30, 2011) (holding that plaintiff's "attempt to amend his complaint to allege that Defendants failed to comply with the terms of the National Housing Act, then, is futile") (quoting *Mitchell v. Chase Home Finance LLC*, Case No. 06-CV-2099-K, 2008 WL 623395, at \*3 (N.D. Tex. Mar. 4, 2008)).  Plaintiffs do not address this issue at all in their Opposition brief, which the Court takes as a concession that this claim lacks merit.

Based on the foregoing, the Court **GRANTS WITH PREJUDICE** the Motion to Dismiss Plaintiffs' claim for wrongful trustee's sale on this particular basis.

*b)*     <u>*Fair Debt Collection Practices Act.*</u>

The FDCPA prohibits "debt collectors" from engaging in unfair, abusive, or deceptive practices "in connection with the collection of a debt.  15 U.S.C. § 1692.  Under the FDCPA, debt collectors are required to provide debtors with a Debt Validation Notice to notify debtors of their dispute rights shortly after communicating with them "in connection with the collection of a debt."  *Id*. § 1692g.

Plaintiffs allege that the Defendants failed to provide a Debt Validation Notice in connection with the collection of a debt in violation of the FDCPA.  Specifically, Plaintiffs allege that Defendant Regional Service "was employed by Wells Fargo as a debt collector after plaintiffs defaulted on their loan payment.  Regional Service failed to provide plaintiffs the Debt Validation Notice required by the FDCPA.  Regional Service also engaged in unfair debt collection practices by proceeding to sell the subject property with actual knowledge that plaintiffs were being denied the protections of the law."  (Complaint ¶ 8.)

i.     <u>***FDCPA Analysis***</u><u>**: Regional Service Corporation.**</u>

Regional Service argues that it is exempt from the FDCPA because it is not a "debt collector" and that it was not engaging in debt collection services.  Under the FDCPA, a "debt collector" is defined as "any person … in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

---

24 C.F.R. § 203.500.

United States District Court
Northern District of California

1    indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a.  Here, the

2    Complaint alleges as follows:

3           Regional Service Corporation is a debt collector as that term is defined in the FDCPA.  In

4           particular, the principal business of Regional Services is the collection of delinquent debts

5           from borrowers such as plaintiffs.  Regional Service began its debt collection activities after
            plaintiffs were in default.  Also Regional Service used the US Mail to solicit money from

6           plaintiffs after the default of plaintiffs.

7    (Complaint ¶ 9.)  Regional Service disputes the truth of these allegations but does not otherwise

8    challenge the legal sufficiency of these particular allegations.  Given the procedural posture of this

9    case, the Court must accept the allegations as true.

10          Regional Service next argues that it was not engaging in debt collection services because,

11   under the FDCPA, the non-judicial foreclosure of real property secured by a deed of trust is not

12   "debt collection activity."  Ample authority supports this position.  *See, e.g., Odinma v. Aurora*

13   *Loan Services*, C-09-4674 EDL, 2010 WL 2232169, at *11 (N.D. Cal. June 3, 2010) (collecting

14   cases that hold "foreclosure is not debt collection under the federal Fair Debt Collection Practices

15   Act").  In opposition, Plaintiffs refer to a brief filed by the Consumer Financial Protection Bureau[5]

16   in *Birster v. Am. Home Mortg. Servicing, Inc.*, 11-13574, 2012 WL 2913786 (11th Cir. July 18,

17   2012), in which it argued that district courts have construed the statute too narrowly so as to

18   eliminate categorically all debt collection services which may be related to a foreclosure.  However,

19   that case did involve more traditional attempts to collect on a debt.  There, the defendant allegedly

20   "engaged in a relentless assault of harassing phone calls and home inspections in an attempt to

21   collect the mortgage debt."  *Id.* at *1.  Additionally, the defendant mailed a letter that stated "THIS

22

23   [5] Plaintiffs argue that the Court *must* defer to the agency's interpretation of a statute as reflected in the
     amicus brief.  The cases to which they cite in support are not on point as the cases refer to a type of

24   deference described as *Auer* deference, which requires courts defer to an agency's interpretation of its own
     ambiguous regulations even if the interpretation is advanced in an amicus brief.  *See Auer v. Robbins*, 519

25   U.S. 452, 461-62 (1997).  The amicus brief filed by the Consumer Financial Protection Bureau is
     interpreting the FDCPA, not the agency's own regulations.  An agency interpretation not embodied in any

26   formal issuance from the agency, such as a regulation, guideline, policy statement, or administrative
     adjudication is entitled to little if any deference.  *Bowen v Georgetown Univ. Hospital*, 488 U.S. 204, 212-13

27   (1988); *see Bresgal v. Brock*, 843 F.2d 1163, 1168 (9th Cir. 1987) ("[The agency] did not construe [the
     statutory provision at issue] until the onset of this litigation.  The Secretary's construction is entitled to no

28   more deference than is the interpretation of any party to the suit").

IS AN ATTEMPT TO COLLECT A DEBT," advising the homeowners that it would proceed with the foreclosure unless they cured the default.  (*Id.*)  In an unpublished decision, the Eleventh Circuit found this evidence insufficient to determine whether the defendant was a debt collector or was engaging in debt collection activity and reversed the summary judgment entered against the homeowners.  *Id.* at \*4 ("an entity can both enforce a security interest *and* collect on a debt") (citing *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012)) ("The fact that the letter and documents relate to the enforcement of a security interest does not prevent them from also relating to the collection of a debt within the meaning of § 1692e.").  By contrast, here, Plaintiffs allege that "Regional Service used the US Mail to solicit money from plaintiffs after the default of plaintiffs."  (Complaint ¶ 9.)

Plaintiff has not pled sufficient facts for the Court to determine whether Regional Service's conduct constituted debt collection services.  The mere mailing of a Notice of Default will not suffice.  *See Santoro v. CTC Foreclosure Serv.*, 12 Fed.App. 476, 480 (9th Cir. 2001). The Motion to Dismiss is **Granted With Leave to Amend**.

### ii.     *FDCPA Analysis*: **Wells Fargo.**

Wells Fargo also argues that it is exempt from the provisions of the FDCPA.[6]  Plaintiffs do not contest that when Wells Fargo acts as a lender, it is exempt from the FDCPA, but argue that Wells Fargo is not exempt when it acts as a loan servicer.  According to Plaintiffs, they are entitled to pursue their claims against America's Servicing Company, the servicing division of Wells Fargo.  America's Servicing Company is not a defendant to this lawsuit and there are no allegations about it in the Complaint.

Based on the foregoing, the Court **Grants** the Motion to Dismiss the FDCPA cause of action against Wells Fargo to the extent it is based on its banking capacity.  The Court does not give an advisory opinion regarding America's Servicing Company.  However, the Court **Grants Leave To Amend** to permit Plaintiffs to bring this claim against America's Servicing Company.

---

[6] Wells Fargo argues that even if the FDCPA did apply to it, Plaintiffs fail to allege that they provided a timely written dispute of the debt, as required by 15 U.S.C. § 1692g(b).  There is no such pleading requirement.

2. *Second Element: Prejudice.*

Irregularities in a nonjudicial foreclosure sale may be grounds for setting aside the sale if the irregularities are prejudicial to the party challenging the sale. *Lona*, *supra*, 202 Cal. App. 4th at 104. Thus, the party attacking the sale must allege that they were prejudiced or harmed by the violation.

Wells Fargo argues that even if Plaintiffs could allege a flaw in the foreclosure mechanics, "hyper-technical" defects are not a basis to challenge a trustee's sale. Although Plaintiffs have alleged technical noncompliance with federal law, they have not explained how they were prejudiced by such noncompliance. Plaintiffs allege that they defaulted on the Note, which under the Deed of Trust, allowed the Trustee (or Beneficiary) to initiate foreclosure proceedings. If the Trustee (or Beneficiary) has the right to initiate foreclosure proceedings, then Plaintiffs must allege facts that show the violation of the statute itself, and not the foreclosure proceedings, caused their injury. Here, Plaintiffs allege that their injuries were caused by the foreclosure proceedings, and not by any statutory violation. Therefore, Plaintiffs fail to allege the prejudice necessary to state a claim for wrongful foreclosure.

Based on the foregoing analysis, the Court **GRANTS** the Motion to Dismiss the claim for Wrongful Trustee's Sale on the grounds that Plaintiffs fail to allege prejudice.

3. *Third Element: Tender.*

Finally, in order to set aside a foreclosure, Plaintiffs must allege that they offered to tender the full amount of the secured indebtedness or that they should be excused from tendering the full amount. *See Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996); *see also Guerrero v. Greenpoint Mortg. Funding, Inc.*, Case No. 10-15333, 2010 WL 4117102, at *1 (9th Cir. Oct. 20, 2010) (stating the plaintiffs "lacked standing to bring a claim for 'wrongful foreclosure,' because they failed to allege actual, full and unambiguous tender of the debt owed on the mortgage"). "This requirement is based on the theory that one who is relying upon equity in overcoming a voidable sale must show that he is able to perform his obligations under the contract so that equity will not have been employed for an idle purpose." *Dimock v. Emerald Properties LLC*, 81 Cal. App. 4th 868, 878 (Cal. Ct. App. 2000) (*citing Karlsen v. Am.*

*Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 118 (Cal. Ct. App. 1971)).  Here, the Complaint lacks allegations of full tender or that tender should be excused.[7]  Instead, the allegations are ambiguous as to what Plaintiffs are willing to tender.  Thus:  "Plaintiffs are ready, willing and able to make the payments required of them pursuant to the Deed of Trust" but request "an accounting to determine the amount due under the Deed of Trust, as wells [*sic*] as the appropriate payment schedule." (Complaint ¶¶ 12, 15.)  Similarly, in their opposition, Plaintiffs argue that "Plaintiffs are ready, willing and able to tender the post petition amounts due on the loan."  (Opp'n 14.)  They also argue that it would be inequitable to require full tender because Mr. Aguiar was out of work when Defendants initiated the foreclosure proceedings.  These allegations and arguments create ambiguity as to whether the Plaintiffs can tender the full amount and whether the amount they intend to tender is pre- or post- petition.

Based on this analysis, the Court **GRANTS** the Motion to Dismiss Plaintiffs' claim for Wrongful Trustee's Sale because the complaint fails to allege "full" tender.

### B.    SECOND CAUSE OF ACTION:  QUIET TITLE

The claim for Quiet Title against Wells Fargo is predicated on the same acts underlying the claim for a Wrongful Trustee's Sale.  Accordingly, the Court **GRANTS** the Motion to Dismiss for the reasons set forth above.

## IV.    CONCLUSION

Based on the foregoing analysis, the Court **GRANTS** the Motion to Dismiss.

Plaintiffs' Complaint is **DISMISSED WITH LEAVE TO AMEND** consistent with this Order.

By no later than 21 days after the date this Order is filed Plaintiffs shall file an amended complaint.

This Order Terminates Docket Number 7.

**IT IS SO ORDERED**.

Date: November 26, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[7] Plaintiffs' claim for Quiet Title seeks an accounting to set up a payment plan for late payments.